GEORGE R. HARDIE, Respondent, *v.* INTERNATIONAL MILK PRODUCTS COMPANY, Appellant.

Third Department, May 3, 1922.

**Sales — action for breach of contract for sale of condensed milk — contract for sale of specified quantity and any additional quantity manufactured by defendant at plant of another corporation during continuance of contract between that corporation and defendant — defendant not liable where manufacture stopped by act of other corporation.**

Under a contract by the defendant to sell to the plaintiff a specified quantity of condensed milk and " any further amounts manufactured at " the plant of another corporation during the continuance of a contract between the defendant and said other corporation, the defendant is not liable for damages, for refusal to deliver milk to the plaintiff after the delivery of the specified quantities, where said refusal was caused by the sale of the plant at which the milk was to be manufactured, and the refusal of the vendee of said plant to recognize the contract between the defendant and said other corporation or to permit the defendant to manufacture milk at said plant.

The extent and limit of the defendant's obligation was, after the delivery of the specified amount, to deliver to the plaintiff any additional quantity of milk manufactured at the plant of said other corporation, and the defendant did not enter into an absolute contract to keep manufacturing at that plant during the period specified in the contract between the plaintiff and the defendant.

APPEAL by the defendant, International Milk Products Company, from an order of the Supreme Court, made at the Warren Special Term and entered in the office of the clerk of the county of St. Lawrence on the 29th day of November, 1921, directing judgment on the pleadings, consisting of a complaint and an amended answer thereto, in favor of the plaintiff, and appointing a referee to compute the amount of damages due the plaintiff, with notice of an intention to bring up for review the exceptions taken by defend-

ant to the decision upon which said order was made, and to the refusal of the court to make findings as requested by defendant.

*Julien Scott* [*R. J. Kent* of counsel], for the appellant.

*Lawrence Russell*, for the respondent.

COCHRANE, P. J.:

This cause being on the Trial Term calendar, when it was reached in its order, the parties submitted a stipulation explanatory of the pleadings and on such stipulation and pleadings the trial justice made an order directing judgment in favor of the plaintiff. From this order an appeal is taken to this court. The stipulation in no way affects the pleadings so far as the question here presented is concerned and may be disregarded.

Before considering the pleadings it will best serve our convenience to consider certain contracts therein set forth, which contracts constitute the basis of this litigation.

On May 11, 1916, the Bent Milk Food Corporation, as party of the first part, and the defendant herein, as party of the second part, entered into a contract whereby the party of the first part, among other things, agreed to sell to the party of the second part milk contracted for delivery at the factory of the party of the first part not exceeding 40,000 pounds per day unless otherwise mutually agreed " commencing with the first day of June, 1916, or previously thereto, if party of the second part is able to procure and install the necessary machinery before that day and up to and including October 31st, 1916." The party of the first part further agreed to furnish to the party of the second part sufficient space and facilities in its said factory whereby the party of the second part could condense and pack such milk in cans or cases. The agreement further contained the following provision for the benefit of the party of the second part, viz.: " The right and privilege of purchasing from the party of the first part the milk which will be contracted for and received for the five winter months following the expiration of this contract at the factory of the party of the first part * * * and the same privilege and rights as are granted hereby to the party of the second part in relation to facilities, etc." It will be observed that the " five winter months following the expiration of this contract " covered a period from October 31, 1916, to April 1, 1917. There were other details and provisions in the contract not here necessary to be mentioned. The purport of the contract was that the Bent Milk Food Corporation was to purchase milk of its patrons and sell the same to the defendant and the latter was to be at liberty to manufacture the same into condensed milk and to pack the same for shipment and

to be provided with space and equipment for such manufacture and packing in the plant of the Bent Milk Food Corporation.

On May 12, 1916, the day after the foregoing contract, the parties hereto entered into a contract whereby, disregarding the details irrelevant to a consideration of the question here presented, the defendant agreed to sell to the plaintiff sweetened condensed milk as follows: " Twenty thousand (20,000) cases containing 8% of butter fat during the months of June and July, 1916, and in addition, at the option of the buyer, any further amounts manufactured at the Bent Milk Food Corporation plant at Morristown, New York, during the continuance of a certain contract dated May 11th, 1916, entered into between the seller and the said Bent Milk Food Corporation, and any renewals thereof up to April 1st, 1917." The contract continued as follows: " The seller agrees to renew said contract (with the Bent Milk Food Corporation) for the further period of five months from October 31st, 1916, upon receiving from the buyer a demand in writing at any time prior to the expiration of the seller's option under said contract of May 11th, 1916, provided, however, that the buyer shall order from the seller at the time of making such demand 10,000 cases of such product to be delivered on demand as manufactured."

The complaint alleges the second mentioned contract of May 12, 1916, between the parties hereto and makes the same a part of the complaint. It then alleges that the parties entered upon the performance of that contract and that on September 7, 1916, the plaintiff served notice in writing on the defendant demanding that the latter should renew its contract with the Bent Milk Food Corporation as it had agreed to do in its contract with the plaintiff of May 12, 1916, and that the plaintiff in said notice " ordered from the defendant 10,000 cases of sweetened condensed milk as provided in the said contract." It is further alleged that the defendant renewed the said contract and continued shipments to the plaintiff of the products contracted for until on or about January 11, 1917, " on which day the said defendant repudiated its contract with plaintiff and notified plaintiff that deliveries no longer would be made thereunder, and since January 11th, 1917, the defendant has declined, neglected and refused to sell and deliver to the plaintiff the product contracted for, although the plaintiff has demanded that shipment and delivery be continued as heretofore." Judgment is demanded for damages in the sum of $20,000.

The defendant in its answer denies that it repudiated its contract with the plaintiff but admits that no milk products were delivered to the plaintiff after January 11, 1917. It alleges as an affirmative

defense that about the 1st day of January, 1917, the Bent Milk Food Corporation sold its plant, canceled its contracts with its patrons for the purchase and receipt of milk, and discontinued operations at its plant and that its vendee refused to recognize its contract with the defendant or to deliver or permit it to receive any milk at the plant and declined to allow defendant to continue its manufacture of milk products therein.

The gravamen of the complaint is a breach of its contract by the defendant because it failed to deliver to plaintiff milk products manufactured by it at the plant of the Bent Milk Food Corporation under its contract with the latter corporation and renewal thereof. The right of the plaintiff to recover depends on the construction to be given to that portion of the contract between him and the defendant whereby the latter agreed to deliver to the plaintiff at his option in addition to the 20,000 cases during June and July, 1916, " any further amounts manufactured at the Bent Milk Food Corporation plant " during the continuance of the contract dated May 11, 1916, between said last-mentioned corporation and the defendant and the renewal of said contract. We are unable to construe this provision of the contract as the plaintiff seeks to have it construed. The defendant did not agree absolutely with the plaintiff to manufacture any specified amount of condensed milk at the plant of the Bent Milk Food Corporation. It did agree to renew its contract with said corporation for a further period of five months on the demand of the plaintiff. It did so renew that contract. The parties of course anticipated that the defendant would continue the manufacture of condensed milk under the renewed contract as under the original contract. The defendant agreed to furnish to the plaintiff at his option all the condensed milk it so manufactured. That, however, was the extent and limit of its agreement. When circumstances arose over which the defendant had no control, whereby it was no longer permitted to manufacture condensed milk at the plant in question, its liability to the plaintiff ceased for the simple reason that it had not agreed to continue operations or to produce and deliver to the plaintiff any specified quantity of condensed milk except the 20,000 cases in June and July, 1916, and the 10,000 cases ordered by plaintiff September 7, 1916, all of which was delivered. The plaintiff argues that the defendant had made an absolute contract to keep manufacturing at the Bent plant until April 1, 1917. The contract is not susceptible of such interpretation. It only provides for " any further amounts manufactured " and the defendant having delivered to the plaintiff all of the products manufactured at such plant the plaintiff has no grievance. It is not claimed that the defendant has resorted to

subterfuge or device or that it has not acted in all respe[ct]
faith.  It has been prevented from manufacturing any [product]
delivered to the plaintiff, and not having agreed with t[he]
deliver to him any particular amount or to continue operations to
any extent whatever, it is difficult to see wherein the grievance of
the plaintiff consists.

The answer of the defendant establishes a defense.  Inasmuch
as its allegations must be deemed to be true on this appeal it follows
that the order directing judgment for the plaintiff on the pleadings
cannot be sustained.

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

All concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.